UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER GEORGE BATHGATE, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00221-JAW |
| | ) | |
| | ) | |
| SCOTT LANDRY, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In 2012, Petitioner Peter George Bathgate, II, was convicted in state court of murder following his guilty plea.  In this action, Petitioner seeks relief from the judgment pursuant to 28 U.S.C. § 2254.  (Petition, ECF No. 1.)

In his petition, Petitioner contends that he is entitled to federal habeas relief because the state court, in his post-conviction proceeding, either unreasonably applied clearly established Supreme Court precedent, or unreasonably determined the facts, when the court denied his claims of ineffective assistance of counsel.  Petitioner asserts three fully exhausted claims of ineffective assistance:  (1) counsel failed to advise Petitioner adequately regarding a defense of adequate provocation manslaughter; (2) counsel failed to pursue a motion to suppress statements to law enforcement that Petitioner alleges he made involuntarily due to drugs and sleep deprivation; and (3) counsel failed to pursue a proffer in which Petitioner would have implicated his girlfriend as an accomplice or alternate suspect in the murder, in return for a more favorable plea offer from the State.  In addition, Petitioner asserts several claims that are procedurally defaulted because he did

not fully exhaust them in state court, and he contends that his post-conviction counsel provided ineffective assistance.

The State has requested summary dismissal of the petition. In support of its request, the State argues: (1) many of Petitioner's claims are procedurally defaulted, and no habeas relief may be granted as to those claims; and (2) as to the claims that are not procedurally defaulted, the state court post-conviction decision was not contrary to clearly established federal law or an unreasonable application of federal law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Response, ECF No. 4 at 4.)

Following a review of the petition, the State's request for dismissal, and Petitioner's response to the State's request, I recommend that the Court grant the State's request, and dismiss the petition.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in December 2010 in Kennebec County Superior Court for intentional or knowing murder, pursuant to 17-A M.R.S. § 201(1)(A). (*State of Maine v. Bathgate*, No. AUGSC-CR-2010-00876 (Me. Super. Ct., Ken. Cnty.), Criminal Docket Sheet at 1-2; Indictment.)[1] In January 2011, he pled not guilty. (Criminal Docket Sheet at 2.) In March 2011, Petitioner filed a motion to suppress. (*Id.*) In June 2011, Petitioner's appointed counsel moved to withdraw; the court granted the motion and appointed new counsel.[2] (*Id.*) In November 2011, Petitioner withdrew the motion to suppress. (*Id.* at 3.)

---

[1] Because the state court record, with the exception of the transcript of the M. R. Crim. P. 11 and sentencing hearing (ECF No. 6), was filed in paper form (ECF No. 5), and because there is no consecutive pagination of the record in its entirety, page references to the paper record are based on the pagination of the individual documents in the record.

[2] Petitioner's 28 U.S.C. § 2254 petition includes reference to Petitioner's two successive trial attorneys. (Petition, ECF No. 1 at 5.) Only the second attorney testified at the state court post-conviction hearing. (Post-conviction Tr. at 2, 96-97.) Unless otherwise indicated, this recommended decision does not distinguish between the claims against the two attorneys, and refers to both collectively as either counsel or plea counsel.

In January 2012, pursuant to M. R. Crim. P. 11, the state court held a hearing at which Petitioner pled guilty.[3]  (*Id.*)  The court sentenced Petitioner to a prison term of 45 years, in accordance with a joint recommendation by the parties.  (*Id.* at 4; Judgment at 1; Rule 11 and Sentencing Tr., ECF No. 6 at 12-13.)  Petitioner did not appeal from the judgment, nor did he seek leave to appeal from the sentence.  (Criminal Docket Sheet at 4.)

In accordance with 15 M.R.S. § 2129 and M. R. Crim. P. 68, in May 2012, Petitioner, acting pro se, filed a state court post-conviction petition.  (*Bathgate v. State of Maine*, No. AUGSC-CR-2012-00378 (Me. Super. Ct., Ken. Cnty.), Post-conviction Docket Sheet at 1; State Court Petition.)  Petitioner's pro se petition included the fully exhausted claims that counsel failed to pursue (1) the defense of adequate provocation, (2) the motion to suppress his statements, and (3) the proffer that would have implicated his girlfriend.  (State Court Petition at 3-4.)  In addition, the pro se petition included three unexhausted ineffective assistance claims: that counsel failed to conduct an adequate pretrial investigation; that counsel failed to advise Petitioner adequately regarding the waiver of a jury trial and the plea; and that counsel failed adequately to argue mitigating circumstances at Petitioner's sentencing.  (*Id.*)  The pro se petition also included claims of prosecutorial misconduct for the failure to charge manslaughter or felony murder and for the failure to investigate Petitioner's girlfriend as an accomplice.  Finally, Petitioner argued that his sentence was excessive.  (*Id.* at 4.)

In August 2012, post-conviction counsel was appointed and filed an amended petition, which, by its terms, was filed as a supplement rather than a substitute for the original petition. (Post-conviction Docket Sheet at 1; Amended State Court Petition at 2.)  The amended petition

---

[3] In 2015, the Maine Rules of Unified Criminal Procedure replaced the former Maine Rules of Criminal Procedure. The former M. R. Crim. P. 11 applied to this case; the new state court rules have no bearing on Petitioner's 28 U.S.C. § 2254 petition.

specified that Petitioner's claim of ineffective assistance that was based on the failure to conduct an adequate pretrial investigation was focused on the police investigation, the medical evidence, potential witnesses, and impeachment information. (Amended State Court Petition at 1.)

The amended petition also contained three claims that Petitioner explicitly withdrew before the evidentiary hearing. The claims that Petitioner withdrew were (1) that counsel pressured Petitioner to plead guilty and that the plea was not knowing or voluntary (paragraph no. 5 of the amended petition); (2) that counsel failed to argue effectively for mitigation and failed to prepare Petitioner to speak at sentencing (paragraph no. 6 of the amended petition); and (3) that trial counsel failed to advise Petitioner of his right to a direct appeal and post-conviction review (paragraph no. 7 of the amended petition). (*Id.* at 2; Post-conviction Tr. at 77-79; Superior Court Order at 1 & n.1.) Counsel later represented that Petitioner also withdrew a claim in the amended petition that plea counsel "failed to adequately inform him of the possible future consequences to pleading guilty." (Post-conviction Tr. at 78.)

At the evidentiary hearing, held in March 2014, the court heard testimony from Petitioner, Petitioner's second appointed counsel, and a psychiatrist who conducted a mental health evaluation of Petitioner pursuant to the state court's order in the post-conviction matter. (Post-conviction Docket Sheet at 1-2; Post-conviction Tr. at 7-8, 53, 96.) The court also considered the admitted exhibits, including the evaluation reports prepared by the psychiatrist, and the written arguments filed after the hearing. (State Court Order at 2; Post-conviction Tr. at 9.)

In his post-hearing brief, Petitioner identified as claims for decision three claims of ineffective assistance of counsel regarding: (1) the defense of adequate provocation; (2) the motion to suppress Petitioner's statements; (3) the proffer that would have implicated Petitioner's

4

girlfriend; and (4) "several other related issues." (Brief in Support of Post-conviction Relief at 1.) Petitioner did not identify or argue the other issues. (*Id.*)

In April 2014, the Superior Court denied the three ineffective assistance claims identified in Petitioner's post-hearing written argument. (Post-conviction Docket Sheet at 3; Superior Court Order at 3-6.)[4] The state court did not address any of the "other related issues" to which Petitioner alluded, but did not identify or discuss in his post-hearing brief.

In May 2014, Petitioner filed a notice of appeal in which he requested a certificate of probable cause to appeal from the Superior Court's denial of his post-conviction petition. (Law Court Docket Sheet at 1.) In August 2014, Petitioner filed a memorandum in support of the request. (*Id.*) In his Law Court memorandum, Petitioner addressed the same three ineffective assistance claims that the Superior Court had denied. (Memorandum in Support of Petition for Certificate of Probable Cause at 3-9.) In November 2014, the Law Court denied a certificate of probable cause, noting that the record "demonstrates no deficiency in trial counsel's performance or any prejudice resulting to Bathgate therefrom . . . ." (*Id.* at 1; Order Denying Certificate of Probable Cause.)

Petitioner filed a timely section 2254 petition in June 2015.[5] (Petition, ECF No. 1.) Upon the Court's Order to Answer, the State filed the state court record and the State's response to the petition. (Order to Answer, ECF No. 3; Response, ECF No. 4; State Court Record, ECF No. 5; Supp. to State Court Record, ECF No. 6.) Petitioner filed a reply to the request for dismissal. (Reply, ECF No. 9.)

---

[4] The details regarding the state court's decision on each of these claims are discussed below.

[5] Title 28 U.S.C. § 2244(d) provides that a one-year period of limitation applies and runs, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The State does not contest the timeliness issue.

## II.   DISCUSSION

### A.  Legal Standards

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A petition may not be granted if the petitioner does not first exhaust available state court remedies.  28 U.S.C. § 2254(b), (c).[6]  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted).  In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state

---

[6] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)**  the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)**  **(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).[7]

Title 28 U.S.C. § 2254(d) provides in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See Hensley v. Roden,* 755 F.3d 724, 730–31 (1st Cir. 2014) (noting that the court looks to Supreme Court holdings in effect when the state court decision was rendered).[8]

*Strickland* explains the federal constitutional standard by which the conduct of attorneys is evaluated in post-conviction claims.  466 U.S. at 687-89.  To succeed on a claim of ineffective assistance of counsel, a state prisoner must demonstrate that the state court's "determination that his Sixth Amendment right was not abridged . . . was an unreasonable application of [*Strickland*]." *Hensley,* 755 F.3d at 736.  *Strickland* requires a petitioner to "establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[7] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).  The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir.1997)).

[8] Because in this case the Law Court denied a certificate of probable cause, the final reasoned analysis of the state court is the April 18, 2014, order of the Superior Court on post-conviction review.  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Hittson v. Chatman,* 135 S. Ct. 2126 (2015) (Ginsburg, J., concurring in denial of certiorari).

been different." *Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland,* 466 U.S. at 688). The Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697.[9]

If a petitioner's claims of ineffective assistance of counsel are based on underlying substantive claims, and the substantive "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail," and the Court need not determine whether the petitioner has demonstrated "'cause and actual prejudice.'" *Tse v. United States,* 290 F.3d 462, 465 (1st Cir. 2002) (quoting *United States v. Frady,* 456 U.S. 152, 167 (1982)); *see Knight v. Spencer*, 447 F.3d 6, 16 (1st Cir. 2006) (holding that the petitioner's counsel "could not have rendered ineffective assistance in failing to object to alleged errors of state evidentiary law that were either non-prejudicial or nonexistent").

"When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* ––– U.S. ––––, ––––, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)) (quotation marks omitted). Claims of factual error and legal error are both subject to a "highly deferential" standard of review. *Id.* at 15. "This Court, time and again, has instructed that [28 U.S.C. § 2254], by setting forth necessary predicates before state-

---

[9] As an alternative to a showing of cause and prejudice, a petitioner may demonstrate that review is "necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson,* 501 U.S. 722, 748 (1991) (quoting *Engle v. Isaac,* 456 U.S. 107, 135 (1982)). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins,* –––U.S. ––––, ––––, 133 S. Ct. 1924, 1931 (2013). Petitioner has not attempted to assert a claim of actual innocence, nor would such a claim be supported by the record.

court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *White v. Wheeler*, --- U.S. ---, ---, 136 S. Ct. 456, 460 (2015) (per curiam) (quoting *Burt,* 134 S. Ct. at 16).  The Supreme Court noted that the "critical question" for purposes of review under section 2254(d)(1) is whether the state court decision was "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Id.* at 461 (quoting *White v. Woodall*, 572 U.S. ---, ---, 134 S. Ct. 1697, 1702 (2014) (quotation marks omitted)).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. 2254(e)(1); *see Yeboah–Sefah v. Ficco,* 556 F.3d 53, 66 (1st Cir. 2009).  A federal court's "deference" to the statutory presumption of correctness "extends not only to express findings of fact, but to the implicit findings of the state court."  *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006); *see also Campbell v. Vaughn,* 209 F.3d 280, 285–86 (3d Cir. 2000) ("In interpreting [28 U.S.C. § 2254(e)(1)], the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination.") (citing *Parke v. Raley,* 506 U.S. 20, 35 (1992); *Marshall v. Lonberger,* 459 U.S. 422, 432–33 (1983); *LaVallee v. Delle Rose,* 410 U.S. 690, 692 (1973) (per curiam)).

### B.  Grounds Asserted and Analysis

#### 1.  Exhausted Claims

##### a.  Failure to pursue defense of adequate provocation manslaughter

Petitioner alleges that counsel was ineffective because counsel failed to pursue a defense of adequate provocation, which he contends could have resulted in a conviction of manslaughter

rather than murder.[10]  (Petition at 5; Reply at 7-8.)  Petitioner alleges that he committed the crime

while he was in a "heightened emotional state," because he believed at the time of the crime that

the victim, who he claims was a sex offender, was attempting to groom Petitioner's daughter for

sexual exploitation.  (Reply at 9, 11.)  Petitioner exhausted this claim in the state court.  (State

Court Petition at 3-4; State Court Amended Petition at 1; Brief in Support of Post-conviction Relief

at 2-4; Memorandum in Support of Petition for Certificate of Probable Cause at 3-6.)

   The state court concluded that the undisputed facts were legally insufficient to generate the

adequate provocation manslaughter defense, and, therefore, counsel's performance was not

deficient and Petitioner was not prejudiced.  (Superior Court Order at 3-4.)  The court concluded

that Petitioner failed, as a matter of law, to demonstrate that the victim's provocation of Petitioner

---

[10] Title 17-A M.R.S. § 201 addresses the defense of adequate provocation and states in relevant part:

> **3.** It is an affirmative defense to a prosecution under [17-A M.R.S. § 201(1)(A)] that the person
> causes the death while under the influence of extreme anger or extreme fear brought about by
> adequate provocation.

> **4.** For purposes of subsection 3, provocation is adequate if:

>> **A.** It is not induced by the person; and

>> **B.** It is reasonable for the person to react to the provocation with extreme anger or extreme
>> fear, provided that evidence demonstrating only that the person has a tendency towards
>> extreme anger or extreme fear is not sufficient, in and of itself, to establish the
>> reasonableness of the person's reaction.

Title 17-A M.R.S. § 203 provides that adequate provocation is a mitigating circumstance that reduces murder to
manslaughter.  Section 203 states in pertinent part:

> **1.** A person is guilty of manslaughter if that person:

> . . .

>> **B.** Intentionally or knowingly causes the death of another human being under circumstances
>> that do not constitute murder because the person causes the death while under the influence of
>> extreme anger or extreme fear brought about by adequate provocation.  Adequate provocation
>> has the same meaning as in section 201, subsection 4.  The fact that the person causes the death
>> while under the influence of extreme anger or extreme fear brought about by adequate
>> provocation constitutes a mitigating circumstance reducing murder to manslaughter and need
>> not be proved in any prosecution initiated under this subsection.

was sufficiently close in time to the homicide to warrant a jury instruction on the adequate provocation defense.  (*Id.*)

In Petitioner's memorandum to the Law Court, Petitioner argued that, contrary to the Superior Court's finding, the evidence was factually and legally sufficient to generate a jury instruction on the defense of adequate provocation, and counsel was constitutionally deficient for failing to discuss it adequately with Petitioner and for failing to pursue the defense in plea negotiations.  (Memorandum in Support of Petition for Certificate of Probable Cause at 3-6.)

Given the state court's determination, this Court does not consider whether the evidence generated a jury instruction on the defense of adequate provocation.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the state court's decision involved the application of state law, the decision was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). In addition, the decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Because the state court determined, as a matter of state law, that the evidence did not support a defense of adequate provocation, Petitioner's federal claim of ineffective assistance for the failure to pursue that defense also fails, and the state court's conclusion that counsel was not ineffective was not contrary to or an unreasonable application of federal law.  *See* 28 U.S.C. § 2254(d)(1); *Knight*, 447 F.3d at 16; *Tse*, 290 F.3d at 465.

### b. **Failure to pursue a motion to suppress Petitioner's admissions to law enforcement**

Petitioner alleges that counsel failed to pursue a motion to suppress his statements to law enforcement, and that counsel failed to use the motion to suppress as leverage in plea

negotiations.[11]  (Petition at 5.)  In Petitioner's state court post-conviction claim, he alleged that his statements were not voluntary because he was under the influence of drugs and sleep deprivation when he waived his *Miranda* rights[12] and made statements to the police.  (Brief in Support of Post-conviction Relief at 4.)  Petitioner also contends that counsel advised him against pursuing the motion to suppress because it necessarily would involve making an admission that could result in drug charges against him.  (Reply at 10.)  To the extent that Petitioner directs his claim against his second appointed counsel, Petitioner exhausted the claim in the state court.[13]  (State Court Petition at 3; Amended State Court Petition at 1; Brief in Support of Post-conviction Relief at 4; Memorandum in Support of Petition for Certificate of Probable Cause at 6-7.)

The Superior Court found that the evidence in the post-conviction hearing, in particular, the testimony of the expert psychiatrist, did not support Petitioner's position.  (Superior Court Order at 4.)  According to the court, the psychiatrist determined that Petitioner knowingly and voluntarily waived his constitutional rights before Petitioner spoke with law enforcement.  (*Id.* (citing post-conviction transcript at 37-38).)[14]  The court concluded, based on the psychiatrist's testimony, that Petitioner would not have prevailed on a motion to suppress, and thus Petitioner

---

[11] Petitioner attached a copy of the motion to suppress to his section 2254 petition.  (Motion to Suppress, ECF No. 1-3.)

[12] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[13] In his section 2254 reply, Petitioner adds that his first appointed counsel should not have waited until three months after the charges were brought to file the motion to suppress.  (Reply at 6.)  In state court, Petitioner focused his allegations on Petitioner's second appointed counsel, and he did not include a claim that his first appointed counsel should have filed the motion to suppress earlier in the proceedings.  Petitioner exhausted his state court remedies regarding his second appointed counsel, but he did not exhaust his remedies in state court against his first appointed counsel.  *See* 28 U.S.C. § 2254(b)(1); *Baldwin,* 541 U.S. at 29.

[14] Petitioner's expert psychiatrist was retained for purposes of the post-conviction proceeding to evaluate Petitioner for criminal responsibility and mental condition at the time Petitioner provided statements to law enforcement.  (Post-conviction Docket Sheet at 1; Post-conviction Tr. at 7-9.)  He evaluated Petitioner in 2013, and testified in the post-conviction hearing:  "I concluded that [Petitioner's] mental functions were sufficiently intact to knowingly and willingly waive his Miranda rights."  (Post-conviction Tr. at 9, 37-38, 52.)  The expert concluded that Petitioner's waiver was voluntary on the three occasions when he provided statements to law enforcement.  (*Id.* at 37-38, 40-43.)

was not deprived of a substantial defense when counsel did not pursue the motion.  (Superior Court Order at 5.)  The state court also concluded that Petitioner failed to prove that the motion to suppress would have provided leverage in plea negotiations.  (*Id.*)

Before the Law Court, Petitioner argued that although the expert psychiatrist testified that Petitioner's statements to law enforcement were knowing and voluntary, the expert's "admission of the significant potential for the risk is a clear indication of the vitality of such an argument and Petitioner's attorney should have consulted with other psychiatrists regarding this issue." (Memorandum in Support of Petition for Certificate of Probable Cause at 6.)  Petitioner also asserted that counsel should have sought an expert with a favorable opinion, that counsel should have explained adequately to Petitioner the risk of withdrawing the motion, and that counsel should have used the motion effectively as leverage in the plea negotiations.  (*Id.* at 6-7.)

In *Colorado v. Connelly*, 479 U.S. 157 (1986), the Supreme Court held that "inquiries into the state of mind of a criminal defendant who has confessed," must "be resolved by state laws governing the admission of evidence," and a petitioner has no Fourteenth Amendment due process claim in the absence of police coercion.  *Id.* at 166-67.  The state court adjudication of Petitioner's post-conviction ineffective assistance claim thus was not contrary to, or an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254(d)(1), (2).  Because the state court's decision that the motion to suppress lacked merit was not contrary to or an unreasonable application of any federal law, Petitioner's related claim of ineffective assistance of counsel also fails.

### c.   Failure to pursue a proffer

Petitioner alleges that his girlfriend should have been considered as either an alternate suspect or an accomplice, and that counsel should have pursued a proffer that would have implicated Petitioner's girlfriend in order to obtain a more favorable plea for Petitioner.  (Petition at 5; Reply at 11.)

In his state court post-conviction petition, Petitioner asserted that he was willing to implicate his girlfriend, and that the facts supported his assertion that she was involved.  (State Court Petition at 4.)  After the post-conviction hearing, he argued that he might have obtained a better plea offer from the State had counsel arranged for him to make a proffer that implicated his girlfriend in the murder.  (Brief in Support of Post-conviction Relief at 5.)  In the Law Court, Petitioner reiterated his argument and also maintained that the Superior Court should not have relied on the State's representation that the proffer would not have caused the State to consider a plea that was more favorable to Petitioner.  (Memorandum in Support of Petition for Certificate of Probable Cause at 8.)

The Superior Court concluded that Petitioner failed to prove that counsel's decision not to pursue the proffer constituted ineffective assistance of counsel.  (Superior Court Order at 5.)  The court noted that Petitioner seemed to acknowledge that counsel conducted preliminary discussions with the State regarding a proffer, and the court explained the reasons it rejected Petitioner's ineffective assistance claim.  (*Id.*)  First, the court noted that Petitioner conceded that it was not clear that the State would have offered less than 45 years had the proffer been pursued and completed.  (*Id.*)  Second, the State credibly represented that a proffer that the girlfriend was involved in the murder was problematic, given that Petitioner previously had told law enforcement that she was not involved.  (*Id.*)  Third, the record lacked evidence to support the notion that an

14

investigation into Petitioner's girlfriend's involvement would have resulted in a lower sentence for Petitioner.  (*Id.* at 5-6.)  Fourth, the court found credible counsel's testimony that Petitioner did not want to implicate his girlfriend due to Petitioner's fear that his girlfriend might lose parenting rights over Petitioner's minor child.  (*Id.* at 6.)

Given the evidence presented in the State court proceeding, the state court decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).  The court's factual findings regarding the proffer were consistent with the evidence presented at the post-conviction hearing,[15] and, therefore, the findings were not unreasonable. *Id.*

Furthermore, the state court decision was not contrary to or an unreasonable application of clearly established federal law.   *See id.* § 2254(d)(1).   The Supreme Court has held that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).  However, in *Strickland*, the Supreme Court held that

> when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.  In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland*, 466 U.S. at 691.  The state court's conclusion that under the circumstances counsel's decision not to pursue the proffer was reasonable is thus in accord with the Supreme Court's view

---

[15] Petitioner testified that he deliberately misrepresented to law enforcement that his girlfriend was not involved in order to keep the investigation away from her.  (Post-conviction Tr. at 61, 67.)  Counsel testified that he had preliminary discussions with the State regarding a proffer, but that Petitioner told counsel, in counsel's words, to "tread lightly around" the issue, and the State told counsel that a proffer implicating Petitioner's girlfriend would have been problematic because it would have contradicted Petitioner's previous statements to law enforcement.  (Post-conviction Tr. at 98-102, 113-15, 125-26.)

of counsel's obligation.  Petitioner's ineffective assistance claim based on counsel's failure to pursue the proffer therefore fails.

### 2.  Procedurally Defaulted Claims

Petitioner asserts a number of claims that are procedurally defaulted because he did not exhaust them in his post-conviction action in state court.  *See* 28 U.S.C. § 2254(b).

Before the state court post-conviction hearing, Petitioner waived several of the ineffective assistance claims that he now raises in his section 2254 petition.  (Superior Court Order at 1 n.1.) Petitioner contends that his guilty plea was not voluntary because counsel pressured him, first into accepting a jury-waived trial, and then into pleading guilty.  (Petition at 5; Reply at 6-7.)  Petitioner also alleges that counsel failed to advise him adequately regarding the right to appeal.  (Petition at 5; Reply at 11.)  Finally, Petitioner asserts that counsel did not argue adequately for mitigating circumstances.  (Petition at 5.)

Consistent with his waiver of the claims, Petitioner did not raise them in his petition for a certificate of probable cause from the Law Court, i.e., in his request for discretionary review by the Law Court.  The waived claims are procedurally defaulted and may not be reviewed in a federal habeas action.  *See Baldwin*, 541 U.S. at 29.

Petitioner also asserts several additional claims, some of which he raised in his state court post-conviction petition, and others he did not.  The claims include ineffective assistance claims in which Petitioner alleged that counsel did not conduct an adequate investigation (Petition at 5; Reply at 11); counsel failed to argue adequately that Petitioner's girlfriend had committed perjury (Reply at 10); and counsel failed to pursue a defense based on a genetic test of Petitioner for a "warrior gene" (Reply at 10).  Because he did not present them to the Law Court in his request for

discretionary review of the denial of his post-conviction petition, the claims are procedurally defaulted. *See Baldwin*, 541 U.S. at 29.

Finally, Petitioner's claims of prosecutorial misconduct and police misconduct are also procedurally defaulted. (Petition at 7, 10.) Even if, as Petitioner contends, he raised the issues in his post-conviction action, because he did not present them to the Law Court in his request for discretionary review, the claims are procedurally defaulted. *See Baldwin*, 541 U.S. at 29.

### 3. Claim of Ineffective Assistance of Post-conviction Counsel

Petitioner alleges that his post-conviction counsel provided ineffective assistance. (Reply at 12-19.)  Because "[t] here is no constitutional right to an attorney in state post-conviction proceedings," there is no constitutional claim for ineffective assistance of counsel provided in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of February, 2016.